**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL SAUNDERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO, ET AL., ) <br> ) <br> Defendants. ) | Case No. 12-cv-09158 <br><br> Judge Robert M. Dow, Jr. |
| VINCENT THAMES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO, ET AL., ) <br> ) <br> Defendants. ) | Case No. 12-cv-09170 |
| HAROLD RICHARDSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO, ET AL., ) <br> ) <br> Defendants. ) | Case No. 12-cv-09184 |

**MEMORANDUM OPINION AND ORDER**

On November 13, 2013, the Court granted in part Defendants' motions to dismiss. See 12-cv-9158, [121]; 12-cv-9170, [84]; 12-cv-9184, [81]. Among Plaintiffs' claims that the Court dismissed were portions of Count II of their respective complaints, in which Plaintiffs alleged that the Defendants violated their due process right by fabricating evidence in their criminal

prosecutions. The Court determined that, although Plaintiffs stated a due process claim with respect to their *Brady* allegation, their evidence-fabrication allegations could not support a cognizable constitutional claim. In light of the Seventh Circuit's recent decision in *Fields v. Wharrie*, 740 F.3d 1107 (7th Cir. 2014), Plaintiffs now move the Court to reconsider its ruling on the evidence fabrication issue. In consideration of that case, and the clarification it provides concerning the Seventh Circuit's prior ruling in *Whitlock v. Brueggemann*, 682 F.3d 567 (7th Cir. 2012), the Court agrees that Plaintiffs have stated violations of their due process rights by alleging that Defendants fabricated evidence that resulted in their wrongful convictions and incarceration. Accordingly, for the reasons stated below, the Court grants Plaintiffs' consolidated motion to reconsider and reinstates Count II in its entirety in each of Plaintiffs' complaints. 12-cv-9158, [146]; 12-cv-9170, [107]; 12-cv-9184, [96].

I. **Background**

In their respective complaints, Plaintiffs Michael Saunders, Harold Richardson, and Vincent Thames each allege that certain Defendants fabricated evidence, which was used to secure their wrongful convictions for the 1994 rape and murder of Nina Glover in Chicago, Illinois. Richardson and Saunders were convicted after bench trials that commenced in 1997 and sentenced to 40 years in prison. In light of those outcomes, Thames opted to plead guilty and was sentenced to 30 years in prison in February 1998. In November 2011, on the basis of post-conviction DNA testing, the Circuit Court of Cook County granted Plaintiffs' joint petition to vacate their convictions. The State of Illinois granted certificates of innocence to Plaintiffs on September 14, 2012, after each spent more than sixteen years in prison.

On November 15, 2012, Saunders filed an eleven-count complaint against the City of Chicago, various Chicago detectives, a Chicago youth police officer, two Cook County Assistant

State's Attorneys, and Cook County, Illinois. On that same day, Richardson filed his own eleven-count complaint against the City and the same Chicago detectives. Thames filed a complaint on that day as well, but then filed an amended complaint five days later, which included ten counts and named as Defendants the City, the same Chicago detectives, Cook County, and one of the two Assistant State's Attorneys whom Saunders sued. Each Plaintiff alleged that they suffered various constitutional and state law violations, resulting in their wrongful convictions and incarceration. Various motions to dismiss followed, which the Court granted in part on November 13, 2013.

Relevant here is the Court's dismissal of a portion of Count II of Plaintiffs' respective complaints. Each alleged that Defendants violated his due process rights by (a) withholding materially exculpatory evidence in violation of *Brady v. Maryland*, and (b) fabricating evidence that was used to prosecute and secure his conviction. The Court held that, although Plaintiffs stated a *Brady* claim, Seventh Circuit law foreclosed the pursuit of their fabrication-based claims as constitutional violations; rather, the Court held, Plaintiffs could only pursue those allegations in the form of state law claims for malicious prosecution. Two-and-a-half months later, the Seventh Circuit issued its decision in *Fields v. Wharrie*, 740 F.3d 1107 (7th Cir. 2014) ("*Fields II*"), which – as this Court recognized in *Bianchi v. McQueen*, 2014 WL 700628 (N.D. Ill. Feb. 24, 2014) (Dow, J.) – clarified the law in the realm of evidence fabrication claims. On that basis, Plaintiffs jointly ask the Court to reconsider the partial dismissal of Count II of their complaints. Defendant Officers[1] oppose their motion.

## II. Motion for Reconsideration Standard

Plaintiff's motion is governed by Federal Rule of Civil Procedure 54(b):

---

[1] The Court notes that Count II of Thames' Amended Complaint (12-cv-9170, [5]) alleges that ASA Johnson fabricated evidence in concert with Defendant Officers. Defendant Johnson, however, has not filed a brief in opposition to Plaintiffs' motion for reconsideration.

3

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Accordingly, under Rule 54(b), the Court may exercise its inherent authority to reconsider its interlocutory orders. See *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Sims v. EGA Prods., Inc.,* 475 F.3d 865, 870 (7th Cir. 2007) ("nonfinal orders are generally modifiable").

It is well established, however, that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996)). In regard to the "manifest error" prong, the Seventh Circuit has explained that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); see also *Wiegel v. Stork Craft Mfg., Inc.,* 2012 WL 2130910, at *2 (N.D. Ill. June 6, 2012) ("Reconsideration is not appropriate where a party seeks to raise arguments that could have been raised in the original briefing."); *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party," instead it "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"); *Bilek v. American Home Mortg. Servicing,* 2010 WL 3306912, at *1 (N.D. Ill. Aug. 19, 2010). And with respect to the second prong, the court of

appeals has explained that a motion to reconsider may be appropriate if there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191.

## III. Discussion

In *Bianchi*, this Court explained the significance of the Seventh Circuit's decision in *Fields II*. *Bianchi*, 2014 WL 700628 at *9. Prior to *Fields II*, it seemed to be settled law in the Seventh Circuit that an allegation of evidence fabrication did not state a cognizable due process claim. See *Petty v. City of Chicago*, 2014 WL 2568264, *4 (7th Cir. June 8, 2014) ("In the past, we have labeled a claim [for evidence fabrication] as a malicious prosecution claim. And we did not allow the claims to be brought in federal court because there was an adequate state law remedy.") (internal citations omitted); *Fields v. Wharrie*, 672 F.3d 505, 516-17 (7th Cir. 2012) ("*Fields I*") ("In *Buckley v. Fitzsimmons* . . . . We explained that fabricating evidence, including in the form of testimony, is not an actionable constitutional wrong.") (citing *Buckley v. Fitzsimmons*, 20 F.3d 789, 795-96 (7th Cir. 1994)). Previously, the Seventh Circuit had held that when a plaintiff alleges that "criminal proceedings were instituted against him based on false evidence or testimony, such a claim 'is, in essence, one for malicious prosecution, rather than a due process violation,'" (*Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) (quoting *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2009))), and, separately, that a plaintiff's attempt to bring an evidence fabrication claim under the due process clause was an improper attempt at "shoe-horning into the more general protections of the Fourteenth Amendment," rather than bringing a state law malicious prosecution claim. *Fox v. Hayes*, 600 F.3d 819, 841 (7th Cir. 2010) (citing *Brooks*, 564 F.3d at 833, and *McCann*, 337 F.3d at 786)). And because the Seventh Circuit also had said that "[t]he existence of a tort claim under state law knocks out any

5

constitutional theory of malicious prosecution," (*Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001)), and that plaintiffs "cannot invoke the substantive due process clause where state laws provide an adequate postdeprivation remedy for the complained-of conduct," (*Fox v. Hayes*, 600 F.3d 819, 841 (7th Cir. 2010)), decisions in the Northern District of Illinois generally arrived at one of two conclusions when ruling on an evidence fabrication claim. Judges typically held either that fabricating evidence does not violate due process, (see *Chihak v. City of Chicago*, 2013 WL 3944411, *3 (N.D. Ill. July 31, 2013)), or that fabricating evidence may violate due process, but the existence of a state law tort for malicious prosecution dictates that a plaintiff must bring his claim pursuant to state law rather than as a due process claim under Section 1983. See *Caine v. Burge*, 2012 WL 2458640, *6 (N.D. Ill. June 27, 2012). In either case, the consensus among judges in this district seemed to be that evidence fabrication-based due process claims could not be brought under Section 1983. *Fields II* put that notion to rest.

*Fields II* clarifies that the Seventh Circuit's earlier decision in *Whitlock v. Brueggemann*, 682 F.3d 567 (7th Cir. 2012), definitively stands for the proposition that a prosecutor can violate one's due process rights by fabricating evidence if that evidence is later used to deprive the defendant of liberty in some way. *Petty*, 2014 WL 2568264, *5 ("In *Fields II*, we stated that a prosecutor who falsely creates evidence against a defendant violates the defendant's due process right."); see also *Fields II*, 2014 WL 243245 at *4; *Whitlock*, 682 F.3d at 580. Although this would seem to directly contradict *Buckley* (as the dissent in *Fields II* argues), the majority reconciled the two cases by distinguishing *coercing* witness testimony (the primary allegation in *Buckley*), which does not violate due process, from *fabricating* witness testimony (the allegations in *Whitlock* and *Fields II*), which does. *Id.* In light of *Fields II*, it is apparent that allegations of evidence fabrication can support a due process claim under Section 1983. And because neither

6

*Whitlock* nor *Fields II* addressed the effect that the existence of the tort of state law malicious prosecution has on such a claim, it seems that malicious prosecution does not enter the calculus and knock out the availability of Section 1983 as a remedy, despite what *Brooks*, *Fox*, *et al.* previously seemed to suggest.

On the basis of *Fields II*, and consistent with this Court's articulation of that decision's significance in *Bianchi*, Plaintiffs ask the Court to reconsider the dismissal of their evidence fabrication-based due process claims. Defendants make several arguments in opposition to Plaintiffs' motion. First, they argue that, even if fabricating evidence violates a defendant's due process rights, the Seventh Circuit's failure to address the impact of *Fields II* (a qualified immunity case) on *Newsome* and its progeny cuts in favor of determining that the existence of a state law claim for malicious prosecution still prevents Plaintiffs' suit via Section 1983, since one panel of the Seventh Circuit cannot implicitly overrule another. However, as this Court noted in *Bianchi*, *Fields II* and *Whitlock* can be ready in harmony with the Seventh Circuit's prior rulings, particularly in light of the Seventh Circuit's post-*Whitlock* decision in *Julian v. Hanna*, 732 F.3d 842 (7th Cir. 2013). In *Julian*, the Court noted that damages for an evidence fabrication-based *malicious prosecution* claim begin to accrue at the moment of a plaintiff's arrest and accumulate until the plaintiff's charges are dismissed. *Julian*, 732 F.3d at 847. Reading *Julian* along with *Fields II*, *Whitlock*, and the *Brooks, Fox, McCann* line of cases suggests that a plaintiff has a potential malicious prosecution claim the moment he is arrested based on fabricated evidence (even if he is never tried, convicted, or incarcerated), while that plaintiff does not have an evidence fabrication *due process* claim unless and until he is convicted and/or deprived of his liberty in some meaningful way. While there is some overlap between the two brands of evidence fabrication claims, they are distinct.

Defendants argue that *Fields II* cannot be harmonized with *Newsome* and *McCann* in this way, because both cases – like *Whitlock, Fields II*, and this case – involved allegations that fabricated evidence was used to wrongfully convict the plaintiff. But neither *Newsome* nor *McCann* addressed whether fabricated evidence violates a defendant's due process rights. In *Newsome*, the plaintiff expressly brought a constitutional malicious prosecution claim pursuant to Section 1983 on the theory that he had a constitutional right not to be prosecuted without probable cause," a cause of action which the Court found foreclosed in light of the availability of an equivalent state law remedy. 256 F.3d at 750. In *McCann*, the Seventh Circuit deemed the plaintiff's "false evidence" due process claim waived and, without addressing whether allegations of evidence fabrication violated due process, noted that his particular claim – that the defendants manufactured evidence for the purpose of having him prosecuted, convicted, and imprisoned – was simply a "recast of his Fourth Amendment false arrest claim" and/or a claim for malicious prosecution. Neither case calls into question the Court's conclusion that, after *Fields II*, fabricating evidence violates a defendant's due process rights when it deprives him of liberty and that he can seek recompense for that constitutional injury pursuant to 42 U.S.C. § 1983. If anything, reading *Newsome* and *McCann* (and *Brooks*, *Fox*, *etc.*) with the benefit of *Fields II*, suggests that the two common pre-*Whitlock* interpretations of those cases (as discussed above) were either overbroad or plainly incorrect. See *Fields II*, 740 F.3d at 1114 ("it was established law by 1985 (indeed long before) . . . that . . . fabricating evidence against a criminal defendant was a violation of due process."); *Whitlock*, 682 F.3d at 585 ("all courts that have directly confronted the question before us agree that the deliberate manufacture of false evidence contravenes the Due Process Clause."). In other words, *Whitlock* and *Fields II* serve to clarify, not overrule, any prior decisions that are ostensibly contradictory or have led to contrary results.

Defendants next argue that, even if there is a federal cause of action for such a constitutional claim, *these* Plaintiffs (Saunders, Richardson, and Thames) have not stated one since the claims at issue here are against police officers, while the allegations in *Whitlock* and *Fields II* were lodged against prosecutors. But *Whitlock* made explicitly clear that the police-prosecutor distinction, at least in the context of fabricating evidence in an investigative capacity, is meaningless. In fact, "the whole point of the Supreme Court's rule in *Buckley* is that the police and investigating prosecutors are subject to the same constraints." *Whitlock*, 682 F.3d at 581. As *Whitlock* noted, "[i]t would be 'incongruous' to hold a police officer liable for fabricating evidence but hold that the prosecutor has not committed any violation for taking the same action in the same capacity." *Id.* at 580-81 (citing *Burns v. Reed*, 500 U.S. 478, 495 (1991)).

Defendants also argue that Plaintiffs' complaints never actually allege that Defendants *fabricated* evidence, but merely accuse Defendants of *coercing* witness testimony – the critical distinction in making out a due process claim, says *Fields II*. A look back at Plaintiffs' complaints belies that argument. Saunders alleges that Defendants planted a mop and shovel, which the officers falsely alleged were used by the boys to hide Ms. Glover's body. See 12-cv-9158, [1] at ¶¶ 74-77, 122-23. And each Plaintiff alleges that Defendants fabricated police reports, fabricated Plaintiff's own confession, and fabricated the confessions of the *other* Plaintiffs, all of which was then used as evidence in each Plaintiff's prosecution. See *id.*; 12-cv-915870, [5] at ¶¶ 29, 43-44, 80-81; 12-cv-9184, [1] at ¶¶ 44, 60, 60-61, 113-14. Defendants argue that Plaintiffs are disguising coercion claims with a "fabrication" label. Defendants point out that all three Plaintiffs allege that their confessions were "fabricated" because the police force-fed them non-public information about the crime scene (which the boys could not possibly

have known) and had them regurgitate that information back to them in the form of confessions, which were then memorialized in "fabricated" police reports.

The Court notes first that, interpreting the allegations in the light most favorable to the Plaintiffs, their fabrication allegations are not limited to that narrow fact scenario (as Defendants argue). Each Plaintiff repeatedly alleges that Defendants fabricated police reports and other evidence to make the Plaintiffs' confessions seem real. In any event, *Fields II* suggests that a defendant's due process rights are implicated by both *fabricated* testimony (that is, "testimony that is made up") and *false* testimony (that is, "testimony known to be untrue by the witness and by whoever cajoled or coerced the witness to give it"). *Petty*, 2014 WL 2568264 at *5 (quoting *Fields II*, 740 F.3d at 1110). The Seventh Circuit described false testimony as the "equivalent" of fabricated testimony and distinguished both types of evidence from *coerced* testimony, which does not violate due process. *Id.* As the Seventh Circuit said in *Petty*, an allegation that "CPD officers created evidence that they knew to be false" "is the hallmark of a fabrication case." Therefore, even by Defendants' narrow reading of the complaints, Plaintiffs have alleged the creation of "false" evidence – which is the equivalent of fabricated evidence. Accordingly, Plaintiffs have stated due process violations on the basis of their evidence fabrication allegations.

Finally, Defendants argue that, regardless of any of the foregoing, Thames cannot state a due process claim because he pled guilty. They argue that *Fields II* stands for the proposition that a defendant's due process rights are not violated "unless and until fabricated evidence is used at trial." Def. Opp. Br. at 14. *Whitlock*, a holding explicitly endorsed by *Fields II*, however, made clear that the Seventh Circuit has "consistently held that a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used *to deprive the defendant of [his] liberty in some way*." 682 F.3d at 580 (emphasis

added). And *Alexander v. McKinney*, the only case besides *Fields II* and *Petty* in which the Seventh Circuit has discussed its holding in *Whitlock*, emphasized that the due process violation – that is, the liberty deprivation – caused by fabricated evidence results from its use to secure the defendant's conviction, not from its use at a trial. 692 F.3d 553, 557 (7th Cir. 2012) ("[In *Whitlock v. Brueggemann*] we held that a prosecutor acting in an investigatory capacity who fabricates evidence that is used to obtain a wrongful conviction violates a convicted defendant's clearly established due process rights."). Moreover, *Alexander*, discussing the Second Circuit's decision in *Zahrey v. Coffey*, 221 F.3d 342 (2d Cir. 2000), strongly suggested that a defendant who spends significant time in jail (8 months, in that case) on the basis of fabricated evidence before his charges eventually are dropped likewise suffers a due process violation. *Id.* Here, Thames properly alleges that he (like Saunders and Richardson) was deprived of his liberty by way of incarceration before and after he was wrongfully convicted.

Further, this Court already has held that Thames has stated a *Brady*-based due process claim, despite his guilty plea. See November 13, 2013 Memorandum and Order at 20 (quoting *McCann*: "it is highly likely that the Supreme Court would find a violation of the Due Process Clause if prosecutors or other relevant government actors have knowledge of a criminal defendant's factual innocence but fail to disclose such information to defendant before he enters a guilty plea."). And it would be inharmonious to hold that a *Brady* violation violates the due process rights of a defendant who pleads guilty, while holding that fabricated evidence does not. In either case, Defendant's misconduct can be said to cause the injury, in so far as it influences the criminal defendant's decision to take the plea after taking stock of the lack of exculpatory evidence in his possession (complete or not) and inculpatory evidence in the government's possession (false or not). Indeed, here, Thames made the decision to plead guilty with the

benefit of having seen the power of the inculpatory evidence at the government's disposal; in spite of the falsity of the confessions, police report, and physical evidence against them, Saunders and Richardson were convicted at trial and sentenced to 40 years in prison. Assessing his chances with those results in mind, Thames opted to plead guilty and received a 30-year sentence as a result. In all three cases, it reasonably can be said that the fabricated evidence caused Plaintiff a deprivation of his liberty.

## IV. Conclusion

For the reasons stated, the Court grants Plaintiffs' consolidated motion to reconsider. 12-cv-9158 [146]; 12-cv-9170 [107]; 12-cv-9184 [96].

Dated: July 11, 2014

_____
Robert M. Dow, Jr.
United States District Judge