IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SAUNDERS, ) | | |
| Plaintiff, ) | Case No. 12-CV-09158 |
| ) | |
| v. ) | Hon. Robert M. Dow, Jr. |
| ) | Magistrate Sheila Finnegan |
| CITY OF CHICAGO, et al., ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

| | | |
|---|---|---|
| VINCENT THAMES, ) | | |
| Plaintiff, ) | Case No. 12-CV-09170 |
| ) | |
| v. ) | Hon. Robert M. Dow, Jr. |
| ) | Magistrate Sheila Finnegan |
| CITY OF CHICAGO, et al., ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

| | | |
|---|---|---|
| HAROLD RICHARDSON, ) | | |
| Plaintiff, ) | Case No. 12-C-09184 |
| ) | |
| v. ) | Hon. Robert M. Dow, Jr. |
| ) | Magistrate Sheila Finnegan |
| CITY OF CHICAGO, et al., ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION TO EXTEND EXPERT DISCOVERY**

Defendants Kenneth Boudreau, Frank Valadez, Pat McCafferty, Richard Paladino, James Cassidy, Lawrence Tuider, and Charles Bowen, by their attorneys, Rock Fusco & Connelly, LLC, Defendant City of Chicago, by its attorneys The Sotos Law Firm, P.C., Defendant Terence Johnson, by his attorneys Patricia C. Bobb & Associates and Law Offices of David R. Nordwall, LLC, and Defendant Assistant State's Attorney Fabio Valentini and Cook County, by their

1

attorneys at the Office of the Cook County State's Attorney, in support of their motion to extend expert discovery, state:

## INTRODUCTION

Good cause exists to extend the current expert discovery schedule. That schedule was agreed to and set in the abstract, but is now impractical in light of Plaintiffs' expert disclosures and motions regarding the recent FBI disclosure and MPTS database. In light of these developments, Defendants cannot fairly and adequately meet the current expert discovery schedule for a number of reasons: (1) Plaintiffs' damage experts have not yet provided much of their underlying data, which must be examined before they can be deposed; (2) Plaintiffs' DNA expert is not reasonably available within the original schedule; (3) Plaintiffs' "false confession" expert's report was a year in the making and requires more time for analysis; and (4) Plaintiffs' false confession and police procedures experts each relied on the FBI reports and/or MPTS and are expected to supplement their reports once discovery on those topics is completed. Under these circumstances, it would not be efficient, economical or practical to proceed forward on the current expert track.

## ARGUMENT

**I.    Background**

On January 25, 2016, this Court entered the following expert discovery schedule by the parties' agreement: Plaintiffs' expert disclosures due by May 23, 2016, Defendants to depose Plaintiffs' experts by June 23, Defendants' expert disclosure due by July 22, and Plaintiffs to depose Defendants' experts by August 22. The parties additionally agreed to have summary judgment motions due by Sept. 22. Plaintiffs ultimately disclosed five retained experts on a

myriad of issues relating to false confessions, police procedures and practices, DNA analysis and testing, and claimed psychological damages.

Just prior to their May 23, 2016 disclosure, Plaintiffs disclosed FBI documents that they contend necessitates additional fact discovery "given the explosive nature of the new" evidence. (Plts' Motion to Conduct Additional Discovery, Dkt. 189, p. 2.) Plaintiffs are now seeking to re-open the depositions of Defendants Johnson, Valentini, Cassidy, Paladino and Boudreau, and also seek the deposition of FBI Agent Moore. As explained in their responses to Plaintiffs' motion, Defendants oppose this new discovery, in part because if allowed it will necessitate further fact discovery by Defendants. Plaintiffs are also seeking to compel the City to produce the complete MPTS databases, instead of just the limited information on those databases related specifically to Nina Glover and Johnny Douglas; regardless of what this Court orders, some amount of the MPTS databases will be produced to Plaintiffs' forensic expert for analysis, and another expert report is likely.

Indeed, the expert reports disclosed by Plaintiffs reveal that several of those experts have already relied on the FBI documents and MPTS to support their opinions. For instance, Dr. Kassin has opined that the FBI report about Defendant Johnson's interview supports his opinion that Plaintiffs' confessions were false, and Mr. Williams has opined that Defendant Officers' failed to take steps to determine whether the Nina Glover rape and murder could be tied to any possible pattern of sex crimes and that any coordinated effort with Sgt. John Ridges and his database would have led to the timely arrest of Johnny Douglas. If this Court allows more fact discovery on these issues, it cannot be seriously doubted these experts will supplement their reports to reflect that discovery. Once Plaintiffs' experts supplement their reports, Defendants

will seek to re-depose them on their supplements. Defendants' experts will also supplement their rebuttal opinions based upon Plaintiffs' experts supplement. Depending on the timing, each parties experts could be deposed twice. This is not practical or economical.

Against that backdrop alone, the expert discovery schedule is no longer feasible. But also, Plaintiffs have submitted extensive expert reports based upon documents and information that require additional time so Defendants can appropriately respond. For instance, the damage experts for Saunders and Richardson both performed psychological testing but have not produced the underlying test data; further, Saunders's expert also disclosed that Saunders has been seeing a treating doctor for some amount of time, but Defendants have not received any documents from that doctor reflecting his observations.

With these looming discovery issues, good cause exists to extend the expert discovery schedule. A pragmatic approach to adjusting expert discovery would be to hold off on setting firm dates for the depositions of Plaintiffs' false confession, police procedures and computer forensic (if any) experts, and the subsequent disclosure and depositions of Defendants' experts, until fact discovery is truly closed. Meanwhile, Plaintiffs can produce their damage experts' testing data and other relied-upon documents, arrangements can be made for independent medical examinations (if necessary), and Defendants can take the depositions of those experts. Defendants can also arrange to depose Plaintiffs' DNA expert and to disclose their own DNA expert. But it would be inefficient, uneconomical and unfair for Defendants to have to take the depositions of Plaintiffs' experts on the current schedule; this is especially true where once fact discovery was ultimately completed, Defendants would have to re-depose Plaintiffs' experts after they had supplement their reports based on the new discovery.

4

Defendants have conferred with Plaintiffs' counsel regarding this motion and Defendants' proposals, and the parties are at an impasse.

## II.     Plaintiffs' Disclosed Experts

The current expert discovery schedule was set, by agreement, when Defendants did not know the extent Plaintiffs' disclosures would take.  Under some circumstances, that schedule might have been possible to meet.  But even without the fact discovery issues described above, the current schedule is impractical in light of Plaintiffs' actual disclosures.  As this Court can glean from the brief summaries below, it is not possible to adequately prepare for and depose each of Plaintiffs' disclosed experts under the current schedule, even if no further fact discovery was allowed.

### A.     Saul Kassin, Ph.D. - Plaintiffs' False Confession Expert

Dr. Kassin, a Professor of Psychology at John Jay Criminal College of the City of New York, describes himself as a social psychologist and expert on the psychology of social perception and influence, specifically as applied to police interviews, interrogations, confessions, and confirmation biases. Dr. Kassin has been retained by the Plaintiffs' for over one year, and in that time period has reviewed thousands of pages of documents, including FBI Agent Moore's 302 report of his interview with Defendant Johnson. Dr. Kassin further relies upon an extensive area of "scientific literature" and "studies" related to false confessions, including his own "white paper" on police induced confessions, which is set forth in his report's ten page bibliography.

Dr. Kassin ultimately opines that 1) on the basis of developmental psychology and research, the then-juvenile plaintiffs were particularly vulnerable to influence relative to adults; 2) that tactics of physical discomfort, confrontations with incriminating evidence, threats of harm

5

or punishment, and promises in exchange for cooperation increase the probability of a false confession; 3) that any corroboration amongst the Plaintiffs' confessions cannot infer reliability and Plaintiffs confessions failed to demonstrate first hand knowledge needed to corroborate guilt; and 4) the Defendant officers suffered from, and continue to suffer from "tunnel vision."

Dr. Kassin's report relies heavily on FBI Agent Moore's 302 report of his interview with Defendant Johnson and it makes little sense to move forward with his deposition with the possibility that additional discovery on the FBI documents may move forward and cause Dr. Kassin to supplement his report. In that light, it would be more economical to hold off on producing Dr. Kassin for his deposition until this discovery issue has been resolved.

Additionally, aside from the possible new discovery issues, defense counsel requires additional time before deposing Dr. Kassin. Dr. Kassin relies upon a substantial amount of scholarly materials which defense counsel and their retained false confession expert need to review and analyze before challenging Kassin in his deposition. In that same vein, in conferring with Defendants' false confession expert, additional time is necessary for him to review the wealth of underlying discovery documents required to provide a suitable rebuttal report. If the FBI additional discovery becomes a non-issue, Defendants can complete the deposition of Dr. Kassin by August 15, provide a rebuttal report by September 15, and have their expert deposed by October 15.

      **B.**     **Timothy T. Willams, Jr. – Plaintiffs' Police Practices Expert**

Mr. Williams is a retired Senior Detective from the Los Angeles Police Department who has worked for approximately 26 years in criminal and administrative investigations, including homicide and sexual assault. In preparation of his report, Mr. Williams reviewed over ten

thousand pages of documents including all of the police reports and investigative documents relating to the Nina Glover homicide, Plaintiffs' DNA testing and reports, police reports and investigative documents relating to Johnny Douglas and his involvements in crimes against Gytonne Marsh, Brenda Hillie, Caprice Bramlett, and Catie Oakes, the depositions of the parties, the depositions of many third-party witnesses, Plaintiffs' post-convictions documents, Plaintiffs' certificate of innocence documents and, of course, Moore's 302 report of his interview with Johnson.

Mr. Williams sets forth 29 findings wherein he opines that the police officer defendants broke well-recognized police procedures in the investigation of the death of Nina Glover. Mr. Williams opines that the Defendants officers violated police procedure by contending, *inter alia*, that Johnny Douglas should have been considered a suspect, there should have been coordination with Sgt. John Ridges to render a crime analysis for a possible pattern, a trained detective would have noticed the similarities between the murder of Gytonne Marsh and Nina Glover, Plaintiffs were fed details of the crime to support their confessions, the Plaintiffs were provided promises of leniency, that Plaintiff Saunders was physically beaten, and that a reasonable officer would not orchestrate testimony from the Plaintiffs in order to solidify their confessions.

As with Kassin's report, Mr. Williams relies on the 302 report of Defendant Johnson in preparing his 29 findings. Any further discovery on these FBI documents could materially change Williams's report and deposition testimony. Similarly, any production of the MPTS database will likely lead Williams to file a supplemental report.  It is considerably more efficient to hold off on moving forward with Williams's deposition until these outstanding discovery issues are resolved and completed.  Additionally, given the amount of documents that Mr. Williams reviewed in

preparing his report and the possibility of additional materials, Defendants expert will require longer than July 22 to review necessary documents and prepare an adequate rebuttal report. If the FBI related discovery and MPTS database disclosure is curtailed, Defendants can complete the deposition of Mr. Williams by August 15, provide a rebuttal report by September 15, and have their expert deposed by October 15.

        C.      Dr. Antoinette Kavanaugh (Saunders' Forensic Psychologist) and Dr. Warren Sibilla (Plaintiff Richardson's Forensic Psychologist).

Dr. Antoinette Kavanaugh, a forensic psychologist, has provided an expert report on behalf of Plaintiff Michael Saunders diagnosing him with "emotional distress as a result of his wrongful conviction." In preparing her clinical opinion, Dr. Kavanaugh evaluated Saunders in several clinical interviews, administered psychological tests, performed investigative interviews of Saunders's mother, sisters, and close cousin, and reviewed background discovery documents. Importantly, Defendants have learned solely by reading Kavanaugh's report that Saunders is currently receiving treatment from Dr. Bush, a therapist that has never been disclosed by Saunders to date and upon which Defendants have not been provided any information or documents.[1]

---

[1] In Defendant Kenneth Boudreau's First Set of Interrogatories to Plaintiff Saunders, Defendant Boudreau requests "to the extent you are claiming psychiatric, psychological and or emotional injuries as a result of the occurrence" please provide the name of the treater and describe the injury. In response, on September 4, 2013, Saunders answers "that since his release he has met with Dr. Darlene Perry, Executive Director/ TCS Forensic Center with the Chicago School of Professional Psychology." Despite having a continuing duty to supplement his interrogatories, Saunders has not provided any update to his interrogatories responses that would notify Defendants that he is now treating with Dr. Bush. Defendants have no understanding as to the extent of the treatment with Dr. Bush because Defendants are unable to subpoena the appropriate records without further identifying information.

Similarly, Dr. Warren Sibilla, a forensic psychologist, has provided an expert report on behalf of Plaintiff Harold Richardson diagnosing him with "unspecified trauma and stressor related disorder" and opining that while Richardson does not presently meet the full criteria of Post-Traumatic Stress Disorder, Richardson could meet that criteria with continued study by Dr. Sibilla in further treatment. Dr. Sibilla relied not only upon psychological testing and a clinical evaluation of Plaintiff Richardson but also on FBI Agent Moore's 302 report of the interview with Terence Johnson. In this regard, it is anticipated that Dr. Sibilla may supplement his report with any further discovery related to the FBI documents.

Plaintiff Richardson and Plaintiff Saunders' disclosure of forensic psychologists diagnosing them respectively with emotional damages was not at all anticipated by the Defendants as both Saunders and Richardson abandoned treatment from previous providers several years ago. Notably, neither Plaintiff Swift or Plaintiff Thames has provided an expert on damages. Saunders, apparently, has been meeting with a new therapist but Defendants were not provided with any information related to his treatment despite Saunders continuing duty to supplement his disclosures and interrogatories. Plaintiff Richardson did not meet with Dr. Sibilla until May 19, 2016 - a mere four days before Plaintiffs' expert reports were due.[2]

Defendants are actively working on engaging a forensic psychiatrist/psychologist but cannot move forward with the depositions of Drs. Kavanaugh and Sibilla until the raw testing

---

[2] On May 23, 2016, Plaintiff Richardson's counsel requested, "due to a mistake [he] made regarding the date [he] thought [Richardson's] expert reports were due", a two-week extension to provide Dr. Sibilla's expert report. On June 6, Plaintiff Richardson disclosed Dr. Sibilla's report and has further agreed to a two-week extension to provide Defendants' rebuttal report. Additionally, during a Rule 37.2 conference, Plaintiff Richardson's counsel indicated that Defendants could depose his damages witness outside the confines of the current discovery schedule.

materials from Saunders and Richardson's psychological instruments are reviewed by a trained psychologist and an independent medical examination is conducted of both Plaintiffs. In that regard, Defendants require more than 30 days to conduct Kavanaugh and Sibilla's depositions. Additionally, Defendants anticipated forensic psychiatrist requires considerable more time to analyze and review the background discovery documents in order to provide a reliable opinion. If there is no additional FBI document related discovery, Defendants request until August 15 to review the background discovery materials, analyze the raw material from the psychological testing, perform the independent medical exams, and depose Drs. Kavanaugh and Sibilla. Defendants can complete their rebuttal psychological reports by September 15 and depositions by October 15.

      D.      **Charlotte Word- Plaintiffs' Forensic DNA Expert**

Charlotte Word, Plaintiffs' forensic DNA expert is a former Laboratory Director at Cellmark Diagnostics. Dr. Word has over 35 years of molecular biology experience and over 25 years of experience applying molecular genetics technique to forensic human DNA identification testing. Dr. Word has reviewed the DNA materials relating to the death investigation of Nina Glover and opines, *inter alia*, that Plaintiffs' are excluded as contributors of the DNA recovered from the death investigation of Nina Glover. Dr. Word further opines that the DNA of Johnny Douglas is confirmed as a contributor to the DNA recovered from the sperm fraction of the vaginal swab from Nina Glover.

The parties are in agreement that Dr. Word's opinions are not affected by the FBI documents or MPTS database discovery. The parties have agreed to conduct Dr. Word's deposition on July 11 in Richmond, VA. Given that the parties have agreed to conduct Dr.

Word's deposition on July 11, Defendants expert can complete her rebuttal report by August 11, and sit for her deposition by September 11.

## CONCLUSION

For the foregoing reasons, good cause exists to modify and extend the current expert discovery schedule as the realities of discovery should trump artificial expert discovery dates set months ago in the abstract. As Plaintiffs have throughout the entirety of this litigation, their aim is to conduct discovery on schedules that suit only them, rush to finish this litigation, and deny defendants the ability to fairly defend themselves against these lawsuits. The current expert discovery schedule is unrealistic and should be amended in light of all the circumstances highlighted in this motion.

Date:  June 14, 2016                                            RESPECTFULLY SUBMITTED,

/s/ Eileen E. Rosen                                              /s/ Jeffrey R. Kivetz
Eileen E. Rosen                                                   Jeffrey R. Kivetz, Attorney No. 06308250
*One of the Attorneys for Defendant Officers*        *One of the Attorneys for the City of Chicago*

Eileen E. Rosen                                                  James G. Sotos
Stacy A. Benjamin                                            Elizabeth A. Ekl
Catherine M. Barber                                         Jeffrey N. Given
**Rock Fusco & Connelly, LLC**                      **THE SOTOS LAW FIRM, P.C.**
321 North Clark Street, Suite 2200                   550 East Devon Avenue, Suite 150
Chicago, Illinois 60654                                      Itasca, Illinois 60143
Tel: (312)494-1000                                            Tel: (630) 735-3300
Fax: (312) 494-1001                                          Fax: (630) 773-0980
                                                                         jkivetz@jsotoslaw.com

11

| | |
|---|---|
| /s/ Patricia C. Bobb | /s/ David R. Nordwall |
| Patricia C. Bobb | David R. Nordwall |
| *One of the Attorneys Terrence Johnson* | *One of the Attorneys for Terrence Johnson* |
| | |
| Patricia C. Bobb | David R. Nordwall |
| Patricia C. Bobb & Associates | Law Offices of David R. Nordwall, LLC |
| 225 W. Wacker Drive Suite 1515 | 225 W. Wacker Drive Suite 1515 |
| Chicago, Illinois 60606 | Chicago, Illinois 60606 |
| Tel:(312)300-7938 | Tel: (312) 291-1660 |

/s/Lisa M. Meador
Lisa M. Meador
*One of the Attorneys for* Fabio Valentini *and Cook County*

Lisa M. Meador
Thomas E. Nowinski
Office of State's Attorney of Cook County
500 Richard J. Daley Center
Chicago, Illinois 60602
Tel:(312)603-5105

## CERTIFICATE OF SERVICE

      Pursuant to 28 U.S.C.A. § 1746, I certify under penalties of perjury that the foregoing is true and correct, and that I electronically filed a complete copy of **Defendants Motion to Extend Expert Discovery** with the Clerk of the Court on Tuesday, June 14, 2016, using CM/ECF system, which will send notification of such filing to the attached service lists.

                                                             /s/ Jeffrey R. Kivetz
                                                             Jeffrey R. Kivetz, Attorney No. 06308250
                                                             *One of the Attorneys for the City of Chicago*

**SERVICE LIST**
*Saunders v. City of Chicago, et al.*
Case No.: 12 CV 09158

**Attorneys for Plaintiff**
Alexandra L. Lampert
Anna Benvenutti Hoffmann
Nick J. Brustin
Peter J. Neufeld
Danielle O. Hamilton
Neufeld Scheck & Brustin
99 Hudson Street
8th Floor
New York, NY 10013
(212) 965-9081
alexandra@nsbcivilrights.com
anna@nsbcivilrights.com
nick@nsbcivilrights.com
peter@nsbcivilrights.com
PRO HAC VICE ATTORNEYS

John C. Benson
Attorney at Law
4111 South Richmond
Chicago, IL 60632
(312) 399-5419
johnbenson@rcn.com

**Attorneys for Assistant State's Attorney Fabio Valentini and Cook County**
Lisa M. Meador
Thomas E. Nowinski
Office of the Cook County State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-5475
Lisa.Meador@cookcountyil.gov
Thomas.Nowinski@cookcountyil.gov

**Attorneys for Kenneth Boudreau, Frank Valadez, Patrick McCafferty, James Cassidy, Richard Paladino, Lawrence Tudier**
Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Rock Fusco & Connelly, LLC
321 North Clark Street, Suite 2200
Chicago, IL 60610
(312) 494-1000
(312) 494-1001 (fax)
erosen@rockfuscoconnelly.com
sbenjamin@rockfuscoconnelly.com
cbarber@rockfuscoconnelly.com

**Attorneys for Terence Johnson**
Patricia C. Bobb
Patricia C. Bobb & Associates
225 W. Wacker Drive
Suite 1515
Chicago, IL 60606
(312) 300-7938
bobb@pcbtrialaw.com

David R. Nordwall
Law Offices of David R. Nordwall, LLC
225 W. Wacker Drive
Suite 1515
Chicago, Illinois 60606
(312) 291-1660
david@drnlaw.net

**Additional Counsel**
John L. Stainthorp
People's Law Office
1180 N. Milwaukee Avenue
Chicago IL 60642
(773) 235-0070
stainthorp@gmail.com

**SERVICE LIST**
*Thames v. City of Chicago, et al.*
Case No.: 12 CV 09170

**Attorneys for Plaintiff**
Henry E. Turner
Valorem Law Group LLC
35 E. Wacker Drive
Suite 3000
Chicago, IL 60601
(312) 676-5480
(312) 676-5473
hank.turner@valoremlaw.com

**Attorneys for Cook County**
Lisa M. Meador
Thomas E. Nowinski
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5105
Lisa.Meador@cookcountyil.gov
Thomas.Nowinski@cookcountyil.gov


**Additional Counsel**
John L. Stainthorp
People's Law Office
1180 N. Milwaukee Avenue
Chicago IL 60642
(773) 235-0070
stainthorp@gmail.com

**Attorneys for Kenneth Boudreau, Frank Valadez, Patrick McCafferty, James Cassidy, Richard Paladino, Lawrence Tudier**
Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Rock Fusco & Connelly, LLC
321 North Clark Street, Suite 2200
Chicago, IL 60610
(312) 494-1000
(312) 494-1001 (fax)
erosen@rockfuscoconnelly.com
sbenjamin@rockfuscoconnelly.com
cbarber@rockfuscoconnelly.com

**Attorneys for Terence Johnson**
Patricia C. Bobb
Patricia C. Bobb & Associates
225 W. Wacker Drive
Suite 1515
Chicago, IL 60606
(312) 300-7938
bobb@pcbtrialaw.com

David R. Nordwall
Law Offices of David R. Nordwall, LLC
225 W. Wacker Drive
Suite 1515
Chicago, Illinois 60606
(312) 291-1660
david@drnlaw.net

SERVICE LIST
*Richardson v. City of Chicago, et al.*
Case No.: 12 CV 09184

**Attorneys for Plaintiff**
Russell R. Ainsworth
Arthur R. Loevy
Jonathan I. Loevy
Rachel Steinback
Tara Elizabeth Thompson
Loevy & Loevy
312 North May Street
Suite 100
Chicago, IL 60607
(312)243-5900
russell@loevy.com
loevylaw@loevy.com
jon@loevy.com
rachel@loevy.com
tara@loevy.com

**Attorneys for Kenneth Boudreau, Frank Valadez, Patrick McCafferty, James Cassidy, Richard Paladino, Lawrence Tudier**
Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Rock Fusco & Connelly, LLC
321 North Clark Street, Suite 2200
Chicago, IL 60610
(312) 494-1000
(312) 494-1001 (fax)
erosen@rockfuscoconnelly.com
sbenjamin@rockfuscoconnelly.com
cbarber@rockfuscoconnelly.com


**Additional Counsel**
John L. Stainthorp
People's Law Office
1180 N. Milwaukee Avenue
Chicago IL 60642
(773) 235-0070
stainthorp@gmail.com

**SERVICE LIST**
*Swift v. City of Chicago, et al.*
Case No.: 2012-L-012995

**Attorneys for Plaintiff**
Locke E. Bowman, III
Alexa Van Brunt
Roderick MacArthur Justice Center
Northwestern University School of Law
357 East Chicago Avenue
Chicago, IL 60611
(312) 503-0844
(312) 503-1272 (fax)
l-bowman@law.northwestern.edu
a-vanbrunt@law.northwestern.edu

J. Samuel Tenenbaum
Bluhm Legal Clinic
357 East Chicago Avenue
Chicago, IL 60611
(312) 503-4808
s-tenenbaum@law.northwestern.edu

G. Flint Taylor
John L. Stainthorp
Jan Susler
People's Law Office
1180 N. Milwaukee Avenue
Chicago, IL 60642
(773) 235-0070
jsusler@gmail.com

**Attorneys for Defendant Cook County**
Lisa M. Meador
Thomas E. Nowinski
Office of State's Attorney of Cook County
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5105
Lisa.Meador@cookcountyil.gov
Thomas.Nowinski@cookcountyil.gov

**Attorneys for Kenneth Boudreau, Frank Valadez, Patrick McCafferty, James Cassidy, Richard Paladino,**
Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Rock Fusco & Connelly, LLC
321 North Clark Street, Suite 2200
Chicago, IL 60610
(312) 494-1000
(312) 494-1001 (fax)
erosen@rockfuscoconnelly.com
sbenjamin@rockfuscoconnelly.com
cbarber@rockfuscoconnelly.com

**Attorneys for Terence Johnson**
Patricia C. Bobb
Patricia C. Bobb & Associates
225 W. Wacker Drive
Suite 1515
Chicago, IL 60606
(312) 300-7938
bobb@pcbtrialaw.com